IN THE CIRCUIT COURT IN AND FOR PINELLAS COUNTY, FLORIDA
UNIFORM CASE NUMBER: 522025CA005804XXCICI
REFERENCE NUMBER: 25-005804-CI-19

COURTNEY GUILL-BELICH, and
ANDREW BELICH, her husband,

    Plaintiffs,

vs.

HOLIDAY CVS, LLC, a Florida
limited liability company,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiffs, COURTNEY GUILL-BELICH, and ANDREW BELICH, her husband, by and through their undersigned counsel, hereby sue Defendant, HOLIDAY CVS, LLC, a Florida limited liability company, and allege as follows:

### Jurisdiction

1. This an action for damages in excess of Fifty Thousand and NO/100 dollars ($50,000.00), exclusive of interest and costs.

2. At all times relevant and material hereto, Plaintiffs, COURTNEY GUILL-BELICH, and ANDREW BELICH, were and are citizens of the State of Florida and residents of Pinellas County, Florida.

3. At all times relevant and material hereto, Defendant, HOLIDAY CVS, LLC, is and was a Florida limited liability company, organized and existing under the laws of the State of Florida, operating and doing business within Pinellas County, Florida at 5801 Central Avenue, St. Petersburg, FL 33710.

1

4. The acts, omissions, and tortious conduct of Defendant, HOLIDAY CVS, LLC, as more specifically set forth below, caused injuries to persons within the state, including Plaintiffs, COURTNEY GUILL-BELICH, and ANDREW BELICH.

5. The actions that form the basis of this Complaint occurred in Pinellas County, Florida.

## General Allegations

6. On or about April 10, 2024, Plaintiff, COURTNEY GUILL-BELICH, was prescribed Saxenda (Liraglutide) (hereinafter referred to as "the subject medication") by a duly-licensed medical doctor to assist with weight loss.

7. On or about April 16, 2024, Defendant, HOLIDAY CVS, LLC, filled Plaintiff, COURTNEY GUILL-BELICH's prescription at Defendant, HOLIDAY CVS, LLC's place of business located at 5801 Central Avenue, St. Petersburg, FL.

8. The subject medication that Defendant, HOLIDAY CVS, LLC, filled was a pen containing 18 mg / 3 mL of the subject medication; however, the written directions for administering the subject medication provided by Defendant, HOLIDAY CVS, LLC, stated that Plaintiff, COURTNEY GUILL-BELICH, should "inject 3 mL subcutaneously once a week," which would be the entire contents of one pen.

9. On or about May 12, 2024, prior to taking her first dose of the subject medication, Plaintiff, COURTNEY GUILL-BELICH, and her mother-in-law, went to Defendant, HOLIDAY CVS, LLC's place of business located at 5801 Central Avenue, St. Petersburg, FL, to speak with the pharmacist about the dosage that was indicated on the prescription filled by Defendant, HOLIDAY CVS, LLC.

10. On or about May 12, 2024, Plaintiff, COURTNEY GUILL-BELICH, and her mother-in-law spoke with the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, about how the dosage works for the subject medication and about how many times Plaintiff, COURTNEY GUILL-BELICH, should inject herself.

11. On or about May 12, 2024, the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, advised Plaintiff, COURTNEY GUILL-BELICH, to administer the subject medication by either (a) injecting herself six separate times (in separate areas of the stomach) or (b) pulling all of the medication out of the pen with a diabetic needle in order to perform one injection.

12. On or about May 12, 2024, Plaintiff, COURTNEY GUILL-BELICH, advised the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, that she was not diabetic and did not possess any diabetic needles.

13. On or about May 12, 2024, the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL provided Plaintiff, COURTNEY GUILL-BELICH with a plastic bag containing several diabetic needles.

14. On or about May 12, 2024, Plaintiff, COURTNEY GUILL-BELICH, requested reconfirmation from the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL that Plaintiff, COURTNEY GUILL-BELICH, should administer the entire pen of medication at one time (either through six separate shots or with one diabetic needle), and the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, indicated that those were the directions per the prescription provided by Defendant, HOLIDAY CVS, LLC.

15. On or about May 12, 2024, after leaving Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, Plaintiff, COURTNEY GUILL-BELICH, following the instructions from both the written directions provided by Defendant, HOLIDAY CVS, LLC, and the oral instructions from the pharmacist at Defendant, HOLIDAY CVS, LLC, injected the entire contents of the subject medication with six separate shots.

16. On or about May 12, 2024, within hours of injecting the entire contents of the subject medication, Plaintiff, COURTNEY GUILL-BELICH, suffered a severe adverse reaction requiring emergency transport, emergency room care, three-day hospitalization, and ongoing complications.

17. Several days after May 12, 2024, Plaintiff, ANDREW BELICH, went to Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, to inquire about medications for his wife, Plaintiff, COURTNEY GUILL-BELICH.

18. On that date, Plaintiff, ANDREW BELICH, spoke with the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, who admitted to Plaintiff, ANDREW BELICH, that the subject medication prescription had been filled incorrectly by Defendant, HOLIDAY CVS, LLC.

19. On that date, the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, admitted to Plaintiff, ANDREW BELICH, that, prior to the subject incident, she was unfamiliar with the subject medication and had provided a bag of diabetic needles to Plaintiff, COURTNEY GUILL-BELICH, on May 12, 2024 so that Plaintiff, COURTNEY GUILL-BELICH, could draw the subject medication out of the multi-dose pen and inject the entire multi-dose pen in one dose.

20. On that date, the pharmacist at Defendant, HOLIDAY CVS, LLC, located at 5801 Central Avenue, St. Petersburg, FL, advised Plaintiff, ANDREW BELICH, that Defendant HOLIDAY CVS, LLC, would refund the cost of the subject medication to Plaintiff, COURTNEY GUILL-BELICH, by providing Plaintiff, ANDREW BELICH, with a CVS gift card.

### Count I: Negligence

21. Plaintiff repeats and realleges all allegations in paragraphs 1 through 20 as if each paragraph was fully repeated verbatim herein.

22. A Florida pharmacist is a health care professional whose standard of care is that level of care and skill which, in light of all relevant circumstances, is recognized as acceptable and appropriate to other reasonably prudent pharmacists.

23. At all times material hereto, Defendant, HOLIDAY CVS, LLC, had a duty to Plaintiff, COURTNEY GUILL-BELICH, to use due and proper care in filling the prescription for the subject medication.

24. At all times material hereto, Defendant, HOLIDAY CVS, LLC, had a duty not to fill a prescription that is unreasonable on its face.

25. At all times material hereto, Defendant, HOLIDAY CVS, LLC's duty to use proper and due care in filling a prescription extends beyond simply following the prescribing physician's directions.

26. At all times material hereto, Defendant, HOLIDAY CVS, LLC, had a duty to interpret and assess a prescription order for potential adverse reactions, interactions, and dosage regimens.

27. Defendant, HOLIDAY CVS, LLC., breached its duties to Plaintiff, COURTNEY GUILL-BELICH, and was negligent in the following respects:

   a. failing to recognize that the written instructions for the subject medication were unreasonable on its face;

   b. providing written instructions to Plaintiff after filling the prescription for the subject medication that were unreasonable on its face;

   c. when questioned by Plaintiff regarding the dosage regimen on the written instructions, counseling Plaintiff to administer the medication according to the written instructions for the subject medication that were unreasonable on its face;

   d. when questioned by Plaintiff regarding the dosage regimen on the written instructions, providing Plaintiff with diabetic needles in order to draw the subject medication out in one dose; and

   e. failing to use reasonable and appropriate professional judgment.

28. As a direct and proximate result of the negligent acts and omissions of Defendant, HOLIDAY CVS, LLC., Plaintiff, COURTNEY GUILL-BELICH, has sustained serious bodily injuries and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical, and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. These losses are either permanent or continuing, and Plaintiff, COURTNEY GUILL-BELICH, will continue to suffer these losses in the future.  Additionally, Plaintiff, COURTNEY GUILL-BELICH, has suffered severe mental and emotional distress in the past, and will continue to suffer severe mental and emotional distress in the future.

WHEREFORE, Plaintiff, COURTNEY GUILL-BELICH, hereby demands judgment for damages against Defendant, HOLIDAY CVS, LLC, a foreign profit corporation, and, furthermore, demands trial by jury of all issues so triable.

## Count II: Loss of Consortium

29. Plaintiff repeats and realleges all allegations in Paragraphs 1 through 28 as if each paragraph was fully repeated verbatim herein.

30. At all times material hereto, Plaintiff, ANDREW BELICH, was the spouse of Plaintiff, COURTNEY GUILL-BELICH.

31. As a result of the aforesaid negligence on behalf of Defendant, HOLIDAY CVS, LLC, Plaintiff, ANDREW BELICH, was denied the services, attentions and consortium of Plaintiff, COURTNEY GUILL-BELICH.

WHEREFORE, Plaintiff, ANDREW BELICH, hereby demands judgment for damages against Defendant, HOLIDAY CVS, LLC, a Florida limited liability company, and, furthermore, demands trial by jury of all issues so triable.

          */s/ Justin C. Johnson*
**JUSTIN C. JOHNSON, ESQUIRE**
FL BAR NO.: 0305219
**KEVIN M. COOPER, ESQUIRE**
FL BAR NO.: 25840
**JUSTIN C. JOHNSON & ASSOCIATES, P.A.**
4020 Park Street North, Suite 302
St. Petersburg, Florida   33709
(727) 384-3524
Primary Email:   jcjohnson@jcj-law.com
Secondary Email:   kcooper@jcj-law.com
Counsel for Plaintiff